FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BRUCE A. HORNBUCKLE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:17-CV-0239-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Lora Lee Stover represents Bruce A. Hornbuckle (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On September 10, 2013, Plaintiff filed an application for Supplemental Security Income (SSI) benefits, alleging disability since September 1, 2012, due to nerve damage, carpal tunnel, arthritis and osteoarthritis. Tr. 156, 175. Plaintiff's application was denied initially and upon reconsideration.

Administrative Law Judge (ALJ) Marie Palachuk held a hearing on March 16, 2016, Tr. 41-75, and issued an unfavorable decision on April 6, 2016, Tr. 20-30. The Appeals Council denied review on May 19, 2017. Tr. 1-6. The ALJ's

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

April 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 29, 2017. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on April 12, 1965, and was 47 years old on the alleged onset date, September 1, 2012. Tr. 156. He had completed two years of college. Tr. 176. Plaintiff's disability report indicates he stopped working on September 1, 2012, because of his conditions, Tr. 175; however, as indicated by the ALJ, Plaintiff's last reported earnings were in 2006, Tr. 66.

Plaintiff testified at the March 2016 administrative hearing that he experiences daily pain for which he takes non-narcotic medications. Tr. 58-59. He stated he wore braces for his hand issues, described an inability to make a fist, indicated he is not able to use his fingers to hold things, and is unable to open twist-top containers. Tr. 57-58, 62-64. Plaintiff also indicated he had been experiencing increased acid reflux and allergies. Tr. 59. He denied having any difficulty with depression. Tr. 65-66.

Plaintiff testified he was not limited in sitting, was able to walk a mile without difficulties, and could stand one to six hours without having a problem. Tr. 59-60. He specifically stated he believed he could stand for a six-hour period of time in a work situation. Tr. 60-61. With respect to household chores, Plaintiff indicated he struggled with the continuous aerating/raking he had to perform, was able to cook but would need to use two hands when holding a gallon of milk and heavy kitchen tools, and was able to do the general cleaning in the home. Tr. 61-62. He testified he spends most of his day as a "couch potato" watching television. Tr. 65.

# STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

# SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent him from

engaging in his previous occupation. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 6, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, September 10, 2013. Tr. 22. At step two, the ALJ determined Plaintiff had the following severe impairments: mixed arthritis bilateral hand (combination of osteoarthritis and zero negative rheumatoid arthritis) present since June 2013; history of bilateral carpal tunnel syndrome, status post release surgery on the left in November 2013; and mild osteoarthritis right hip and low back. Tr. 22. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform light exertion level work with the following limitations: he is able to perform postural activities frequently, except no climbing of ladders, ropes or scaffolds; he can frequently handle, finger and feel with bilateral hands; he should avoid concentrated exposure to industrial vibrations and hazards; and he can have no unsupervised interactions with children. Tr. 24.

At step four, the ALJ determined Plaintiff could not perform his past relevant work as a construction worker. Tr. 29. At step five, the ALJ determined that based on the testimony of the vocational expert, and considering Plaintiff's

age, education, work experience and RFC, Plaintiff could perform other jobs present in significant numbers in the national economy, including the jobs of cleaner housekeeping, cafeteria attendant, and marker price. Tr. 29-30. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from September 10, 2013, the application date, through the date of the ALJ's decision, April 6, 2016. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in assessing Plaintiff's credibility and residual functional capacity and by finding Plaintiff was capable of substantial gainful activity at step five of the sequential evaluation process. ECF No. 13 at 6.

## DISCUSSION

**A.     Plaintiff's Symptom Testimony**

Plaintiff first contends the ALJ erred in assessing Plaintiff's credibility. ECF No. 13 at 8-10.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's

statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the evidence of record. Tr. 25, 28.

The ALJ first held that the objective medical evidence of record did not substantiate Plaintiff's allegations of disabling functional limitations in this case. Tr. 25-28.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (holding that once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain); *see also Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006) (finding an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence").

The ALJ stated that although Plaintiff alleged an inability to work, no accepted treating or examining medical professional had opined that Plaintiff's impairments would completely preclude work functioning. Tr. 26. The ALJ indicated that examining and treating medical sources noted generally stable conditions during the relevant time period: no evidence of hand or wrist atrophy, no crepitus or edema, and negative Tinel's sign on examination throughout the summer of 2013, Tr. 308, 317; and full range of motion of his upper and lower extremities with some pain and mild limitation in his right hip on examination by May 27, 2014, Tr. 362. Tr. 26. On May 30, 2013, Arthur M. A. Flores, PA-C, examined Plaintiff and determined he was capable of performing light exertion level work. Tr. 26, 266. On June 3, 2014, Dennis Koukol, M.D., a reviewing state agency physician, also found Plaintiff was able to perform light exertion level work. Tr. 27, 96-97. In February 2016, Teona Muntean, M.D., noted much

improvement, with full range of motion in all joints, normal neurologic exam and the observation that Plaintiff could now make a fist bilaterally. Tr. 26, 538-539. John Morse, M.D., the medical expert, testified at the administrative hearing, that Plaintiff's condition improved considerably after surgery and with treatment. Tr. 27, 49. Dr. Morse opined that Plaintiff was capable of performing a restricted range of light exertion level work. Tr. 27, 50-51. The ALJ further identified radiology imaging of May 30, 2013 as revealing only mild osteoarthritis of Plaintiff's left hip, Tr. 278; EMG nerve conduction studies of July 5, 2013 as revealing carpal tunnel syndrome, Tr. 316, for which Plaintiff underwent successful release surgery, Tr. 344; and July 30, 2014 x-rays of the bilateral hands as revealing stable osteoarthritis on the left hand and only slight progression of the right hand, Tr. 576. Tr. 26.

Based on the foregoing, and as indicated by the ALJ, the objective medical evidence of record does not support the disabling symptoms and limitations alleged by Plaintiff in this case. This was a proper basis for the ALJ to conclude Plaintiff was not entirely credible.

The ALJ also described an inconsistency with Plaintiff's testimony. Tr. 28. Plaintiff has offered no argument with respect to this reason by the ALJ for finding Plaintiff less than fully credible.[1]

In assessing the weight accorded to a claimant's statements, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony.

---

[1] The Ninth Circuit has repeatedly admonished that the Court should not consider claims not actually argued in a party's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Rather, the Court should "review only issues which are argued specifically and distinctly in a party's opening brief." *Id.*

*Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When a claimant fails to be a reliable historian, "this lack of candor carries over" to other portions of his testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ noted Plaintiff's statements about difficulty using his hands and an inability to make a fist were not consistent with the record. Tr. 28. Medical providers reported improved symptoms with treatment, Tr. 49, 538-539, and Dr. Muntean specifically observed that Plaintiff could make a fist bilaterally in February 2016. Tr. 538. It was proper for the ALJ to note the foregoing inconsistency in finding Plaintiff's subjective complaints less than fully credible in this case.

The ALJ next noted there was evidence of record that Plaintiff embellished his symptoms. Tr. 30. Plaintiff again failed to provide an argument with respect to this reason by the ALJ for finding Plaintiff not entirely credible. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (issues not specifically and distinctly contested in a party's opening brief are considered waived).

An ALJ's decision to discredit a claimant's statements may be supported by the claimant's tendency to exaggerate. *Tonapetyan*, 242 F.3d at 1148. The ALJ indicated Physician Assistant Flores described Plaintiff's response to palpation as "exaggerated and not consistent with PE findings" on examination in May 2013. Tr. 28, 268-269. The ALJ did not error by finding Plaintiff's embellishment of symptoms relevant to her credibility determination.

The ALJ also noted Plaintiff has not always been forthcoming about his drug use. Tr. 28.

Untruthfulness or inconsistencies regarding alcohol or substance abuse has been held to support an ALJ's decision that a claimant's testimony lacks credibility. *Thomas*, 278 F.3d at 959 (ALJ's finding that claimant was not a

reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding).

The ALJ indicated Plaintiff reported to medical providers at Eastern State Hospital that he relapsed on methamphetamine; however, he later admitted he started using methamphetamine five years ago and had been using consistently since that time, which is confirmed by positive drug screen tests. Tr. 28. The Court, having reviewed the record, is not able to clearly ascertain whether the ALJ determined Plaintiff's statements were inconsistent with each other or whether his statements regarding drug use were inconsistent with other evidence of record (i.e., positive urinalyses). In any event, Plaintiff again did not offer an argument with respect to this reason by the ALJ for discounting Plaintiff's credibility. *See Greenwood*, 28 F.3d at 977. Consequently, the Court finds the noted inconsistency regarding Plaintiff's drug use reporting is a valid reason to discount Plaintiff's credibility.

Finally, the ALJ indicated Plaintiff's reported level of activity was inconsistent with his assertions of totally disabling symptoms. Tr. 28. Plaintiff again offered no argument with respect to this reason by the ALJ for finding Plaintiff less than fully credible.

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). While one does not need to be "utterly incapacitated" to be disabled, *id.*, it was entirely proper for the ALJ to find Plaintiff's reports of activities such as working "side jobs," Tr. 599, holding and using yard tools including a lawn mower and rake, Tr. 61, 221, and performing household tasks like cooking, cleaning and grocery shopping, Tr. 61-62, 221-223, were inconsistent with Plaintiff's alleged limitations and thus detracted from his overall credibility. Tr. 28.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for discounting Plaintiff's subjective complaints. Accordingly, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible in this case.

**B.     Residual Functional Capacity**

Plaintiff next contends his physical conditions pose limitations which affect his employability which the ALJ ignored when she found Plaintiff capable of a restricted range of light exertion level work. ECF No. 13 at 10-11. Plaintiff specifically asserts the ALJ erred by failing to develop the record with respect to his ability to use his hands. *Id.*

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered. *Tonapetyan*, 242 F.3d at 1150. The ALJ must scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts, being especially diligent to ensure favorable as well as unfavorable facts are elicited. *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992). However, an ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150.

Here, Plaintiff fails to specify any particular ambiguity with respect to the entirety of the evidence of record. ECF No. 13 at 10-11. Instead, Plaintiff merely

asserts that the testimony of the medical expert, Dr. Morse, was equivocal. ECF No. 13 at 10.

Dr. Morse testified that a review of the record showed a variant of bilateral hand rheumatoid arthritis since June or July of 2013, Tr. 48-49, but noted there was "considerable improvement on the physical examination" of February 2016, Tr. 49. Dr. Morse opined that Plaintiff would be limited to frequent gross handling with his right upper extremity and limited to frequent fine handling with both extremities. Tr. 51. Dr. Morse mentioned he did not have a current independent orthopedic consultative examination to review, but found the restrictions to "frequent" handling based on the improvement noted in February 2016. Tr. 51. Dr. Morse explained that Plaintiff had a carpal tunnel release and was on a better medical program which, in his opinion, improved Plaintiff's handling to "frequent." Tr. 52. The Court finds that the testimony of Dr. Morse regarding Plaintiff's hand limitations was not ambiguous.

Moreover, the record as a whole was adequate to allow for a proper evaluation of the evidence. As discussed above, examining and treating medical sources noted generally stable conditions during the relevant time period: no evidence of hand or wrist atrophy, no crepitus or edema, and negative Tinel's sign on examination throughout the summer of 2013, Tr. 308, 317; and full range of motion on examination by May 27, 2014, Tr. 362. On May 30, 2013, Mr. Flores examined Plaintiff and determined he was capable of performing light exertion level work, Tr. 266, on June 3, 2014, Dr. Koukol found Plaintiff was able to perform light exertion level work, Tr. 96-97, in February 2016, Dr. Muntean noted much improvement, with full range of motion in all joints, normal neurologic exam and the observation that Plaintiff could now make a fist bilaterally, Tr. 538-539, and Dr. Morse opined that Plaintiff was capable of performing a restricted range of light exertion level work, Tr. 50-51. EMG nerve conduction studies of July 5, 2013 revealed carpal tunnel syndrome, Tr. 316, for which Plaintiff underwent

successful release surgery, Tr. 344; and July 30, 2014 x-rays of the bilateral hands revealed stable osteoarthritis on the left hand and only slight progression of the right hand, Tr. 576. Accordingly, even if Dr. Morse's testimony regarding Plaintiff's hand limitations was deemed equivocal, Plaintiff has not demonstrated that the evidence of record as a whole was inadequate for the ALJ to assess Plaintiff's hand usage capacity.

The Court finds that the record before the ALJ was neither ambiguous nor inadequate to allow for a proper evaluation of the evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED May 4, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE